MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JOSE CRUZ ARROYO RODRIGUEZ,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

753 WASHINGTON TRATTORIA INC.
(D/B/A MALAPARTE), SEBASTIAN
WIDMANN, EMANUELE ATTALA (A.K.A.
EMANUEL), FRANCISCO VARGAS, and
JACKA PO,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jose Cruz Arroyo Rodriguez ("Plaintiff Cruz Arroyo" or "Mr. Cruz Arroyo"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against 753 Washington

Trattoria Inc. (d/b/a Malaparte), ("Defendant Corporation"), Sebastian Widmann, Emanuele Attala

(a.k.a. Emanuel),  Francisco Vargas, and  Jacka Po, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Cruz Arroyo is a former employee of Defendants 753 Washington Trattoria

Inc. (d/b/a Malaparte), Sebastian Widmann, Emanuele Attala (a.k.a. Emanuel), Francisco Vargas,

and Jacka Po.

2.      Defendants own, operate, or control an Italian restaurant, located at 753 Washington St, New York, NY 10014 under the name "Malaparte".

3.      Upon information and belief, individual Defendants Sebastian Widmann, Emanuele Attala (a.k.a. Emanuel), Francisco Vargas, and Jacka Po, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Cruz Arroyo was employed as a dishwasher, pizza maker, and a salad / pasta maker at the restaurant located at 753 Washington St, New York, NY 10014.

5.      At all times relevant to this Complaint, Plaintiff Cruz Arroyo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Cruz Arroyo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Cruz Arroyo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Cruz Arroyo wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Cruz Arroyo to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz Arroyo and other employees to work in excess of forty (40) hours per

week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Cruz Arroyo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Cruz Arroyo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cruz Arroyo's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Cruz Arroyo was employed by Defendants in this district.

### PARTIES

*Plaintiff*

15.     Plaintiff Jose Cruz Arroyo Rodriguez ("Plaintiff Cruz Arroyo" or "Mr. Cruz Arroyo") is an adult individual residing in Kings County, New York.

16.     Plaintiff Cruz Arroyo was employed by Defendants at Malaparte from approximately 2011 until on or about March 2020.

17.     Plaintiff Cruz Arroyo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 753 Washington St, New York, NY 10014 under the name "Malaparte".

19.     Upon information and belief, 753 Washington Trattoria Inc. (d/b/a Malaparte) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 753 Washington St, New York, NY 10014.

20.     Defendant Sebastian Widmann is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sebastian Widmann is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sebastian Widmann possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz Arroyo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

- 4 -

21.     Defendant Emanuele Attala (a.k.a. Emanuel) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emanuele Attala (a.k.a. Emanuel) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Emanuele Attala (a.k.a. Emanuel) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz Arroyo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Francisco Vargas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francisco Vargas is sued individually in his capacity as a manager of Defendant Corporation. Defendant Francisco Vargas possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz Arroyo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Jacka Po is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jacka Po is sued individually in his capacity as a manager of Defendant Corporation. Defendant Jacka Po possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz Arroyo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate an Italian restaurant located in the West Village neighborhood in Manhattan.

25.     Individual Defendants, Sebastian Widmann, Emanuele Attala (a.k.a. Emanuel), Francisco Vargas, and Jacka Po, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Cruz Arroyo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cruz Arroyo, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Cruz Arroyo (and all similarly situated employees) and are Plaintiff Cruz Arroyo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Cruz Arroyo and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Sebastian Widmann and Emanuele Attala (a.k.a. Emanuel) operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

- 6 -

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiff Cruz Arroyo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cruz Arroyo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cruz Arroyo's services.

32.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Cruz Arroyo is a former employee of Defendants who was employed as a dishwasher, pizza maker, and a salad / pasta maker.

35.     Plaintiff Cruz Arroyo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Cruz Arroyo Rodriguez*

36.     Plaintiff Cruz Arroyo was employed by Defendants from approximately 2011 until on or about March 2020.

37.     Defendants employed Plaintiff Cruz Arroyo as a dishwasher, pizza maker, and a salad / pasta maker.

38.     Plaintiff Cruz Arroyo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Cruz Arroyo's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Cruz Arroyo regularly worked in excess of 40 hours per week.

41.     From approximately 2014 until on or about December 2017, Plaintiff Cruz Arroyo worked from approximately 4:00 p.m. until on or about 12:00 a.m., Sundays, Tuesdays, Wednesdays, and Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m., Fridays and Saturdays (typically 50 hours per week).

42.     For approximately two weeks per month for the years 2014, 2015, 2016, 2017 and 2018, Plaintiff Cruz Arroyo worked from approximately 4:00 p.m. until on or about 12:00 a.m., four days a week and from approximately 4:00 p.m. until on or about 1:00 a.m., three days a week (typically 59 hours per week).

43.     For approximately one month for the year 2018, Plaintiff Cruz Arroyo worked from approximately 10:00 a.m. until on or about 1:00 a.m., Sundays, Wednesdays, and Saturdays, from approximately 4:00 p.m. until on or about 12:00 a.m., Mondays and Thursdays, and from approximately 4:00 p.m. until on or about 1:00 a.m., Fridays (typically 70 hours per week).

44.     From approximately January 2018 until on or about August 18, 2019, Plaintiff Cruz Arroyo worked from approximately 4:00 p.m. until on or about 1:00 a.m., Fridays, from approximately 10:00 a.m. until on or about 1:00 a.m., Saturdays, and from approximately 4:00 p.m. until on or about 12:00 a.m., Tuesdays, Wednesdays, Thursdays, and Sundays (typically 56 hours per week).

45.     From approximately August 19, 2019 until on or about March 2020, Plaintiff Cruz Arroyo worked from approximately 10:00 a.m. until on or about 1:00 a.m., Saturdays, from approximately 4:00 p.m. until on or about 12:00 a.m., Tuesdays, Wednesdays and Thursdays, and from approximately 4:00 p.m. until on or about 1:00 a.m., Fridays (typically 48 hours per week).

46.     From approximately 2014 until on or about 2015, Defendants paid Plaintiff Cruz Arroyo his wages in cash.

47.     From approximately 2015 until on or about March 2020, Defendants paid Plaintiff Cruz Arroyo his wages in a combination of check and cash.

48.     During the year 2014, Defendants paid Plaintiff Cruz Arroyo a fixed salary of $480 per week.

49.     From approximately 2015 until on or about December 2017, Defendants paid Plaintiff Cruz Arroyo a fixed salary of $600 per week.

50.     From approximately January 2018 until on or about August 18, 2019, Defendants paid Plaintiff Cruz Arroyo a fixed salary of $650 per week.

51.     For approximately one month for the year 2018, Defendants paid Plaintiff Cruz Arroyo a fixed salary of $750 per week.

52.     From approximately August 19, 2019 until on or about December 2019, Defendants paid Plaintiff Cruz Arroyo a fixed salary of $550 per week.

53.     For approximately two weeks per month for the years 2014, 2015, 2016, 2017 and 2018, Defendants paid Plaintiff Cruz Arroyo a fixed salary of  $700 per week.

54.     Plaintiff Cruz Arroyo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants required Plaintiff Cruz Arroyo to work an additional hour past his scheduled departure time Fridays and Saturdays, and did not pay him for the additional time he worked.

56.     Defendants never granted Plaintiff Cruz Arroyo any breaks or meal periods of any kind.

57.     From approximately 2014 until on or about December 2019, Plaintiff Cruz Arroyo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cruz Arroyo regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Cruz Arroyo an accurate statement of wages, as required by NYLL 195(3).

60.     In fact, Defendants adjusted Plaintiff Cruz Arroyo's paystubs so that they reflected inaccurate wages and hours worked.

61.     Defendants did not give any notice to Plaintiff Cruz Arroyo, in English and in Spanish (Plaintiff Cruz Arroyo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Cruz Arroyo to purchase "tools of the trade" with his own funds—including seven pairs of shoes.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz Arroyo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

64.     Plaintiff Cruz Arroyo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

65.     Defendants' pay practices resulted in Plaintiff Cruz Arroyo not receiving payment for all his hours worked, and resulted in Plaintiff Cruz Arroyo's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Cruz Arroyo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

67.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Cruz Arroyo worked.

68.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

69.     Defendants paid Plaintiff Cruz Arroyo his wages in cash and in a combination of check and cash.

70.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

71.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cruz Arroyo (and similarly situated individuals) worked, and to avoid paying Plaintiff Cruz Arroyo properly for his full hours worked.

72.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

73.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cruz Arroyo and other similarly situated former workers.

74.     Defendants failed to provide Plaintiff  Cruz Arroyo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75.     Defendants failed to provide Plaintiff Cruz Arroyo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.      Plaintiff Cruz Arroyo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

77.     At all relevant times, Plaintiff Cruz Arroyo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

78.     The claims of Plaintiff Cruz Arroyo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

79.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiff Cruz Arroyo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cruz Arroyo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

81.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83.     Defendants failed to pay Plaintiff Cruz Arroyo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

84.     Defendants' failure to pay Plaintiff Cruz Arroyo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85.     Plaintiff Cruz Arroyo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

86.      Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cruz Arroyo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.      Defendants' failure to pay Plaintiff Cruz Arroyo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89.      Plaintiff Cruz Arroyo (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

90.      Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

91.      At all times relevant to this action, Defendants were Plaintiff Cruz Arroyo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cruz Arroyo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

92.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cruz Arroyo less than the minimum wage.

93.      Defendants' failure to pay Plaintiff Cruz Arroyo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff Cruz Arroyo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

95.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cruz Arroyo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Cruz Arroyo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Cruz Arroyo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

99.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants failed to pay Plaintiff Cruz Arroyo one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cruz Arroyo's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

101.    Defendants' failure to pay Plaintiff Cruz Arroyo an additional hour's pay for each day Plaintiff Cruz Arroyo's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

102.    Plaintiff Cruz Arroyo was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

103.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Cruz Arroyo with a written notice, in English and in Spanish (Plaintiff Cruz Arroyo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Cruz Arroyo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

106.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

107.     With each payment of wages, Defendants failed to provide Plaintiff Cruz Arroyo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108.     Defendants are liable to Plaintiff Cruz Arroyo in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

109.     Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though fully set forth herein.

110.     Defendants required Plaintiff Cruz Arroyo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111.     Plaintiff Cruz Arroyo was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

112.      Plaintiff Cruz Arroyo repeats and realleges all paragraphs above as though set forth fully herein.

113.      Defendants did not pay Plaintiff Cruz Arroyo on a regular weekly basis, in violation of NYLL §191.

114.      Defendants are liable to Plaintiff Cruz Arroyo in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Cruz Arroyo respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz Arroyo and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz Arroyo and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cruz Arroyo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cruz Arroyo and the FLSA Class members;

(f)     Awarding Plaintiff Cruz Arroyo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Cruz Arroyo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz Arroyo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz Arroyo;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cruz Arroyo;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cruz Arroyo;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cruz Arroyo's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cruz Arroyo;

(n)     Awarding Plaintiff Cruz Arroyo damages for the amount of unpaid minimum wage

and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff Cruz Arroyo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Cruz Arroyo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiff Cruz Arroyo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)       Awarding Plaintiff Cruz Arroyo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Cruz Arroyo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 9, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 12, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jose Cruz Arroyo Rodriguez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           12 de Junio 2020